| | |
|---|---|
| PROGRESSIVE CASUALTY INSURANCE COMPANY,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br><br>MACK FREIGHT SERVICE, INC., STATE NATIONAL SPECIALTY INSURANCE COMPANY, INC., STETIN TRUCKING CO., INC., UNITED SPECIALTY INSURANCE COMPANY, B.F. TRANSPORT, INC., BLADIMIR FERMIN CABRERA, JUNIOR SMITH, MICHELLE L. BLAIR SMITH, ODYSSEY FREIGHT SERVICE, INC., TRISURA SPECIALTY INSURANCE CO., ANDREW FEINMAN, SUNLIGHT INDUSTRIES, INC. ABC INSURANCE COMPANIES 1-10 (SAID NAMES AND IDENTITIES BEING FICTITIOUS AND PRESENTLY UNKNOWN); DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown)JOHN DOES 1-10 (SAID NAMES AND IDENTITIES BEING FICTITIOUS AND PRESENTLY UNKNOWN) and alleges upon information and belief as follows<br><br>　　　　　Defendants | Civil Action No. 2:22-cv-01707-SDW-JSA<br><br><br><br>**THIRD AMENDED COMPLAINT FOR DECLARATORY JUDGMENT** |

**PREAMBLE**

Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY, by and through its

undersigned counsel, THE LAW OFFICES OF VANESSA L. KOPPEL, ESQ., LLC, hereby files

this Second Amended Complaint for Declaratory Judgment against defendants MACK FREIGHT

SERVICE, INC., STATE NATIONAL SPECIALTY INSURANCE COMPANY, INC., STETIN TRUCKING COMPANY, INC., UNITED SPECIALTY INSURANCE COMPANY, B.F. TRANSPORT, INC., BLADIMIR FERMIN CABRERA, JUNIOR SMITH, MICHELLE L. BLAIR SMITH; ODYSSEY FREIGHT SERVICE, INC., TRISURA SPECIALTY INSURANCE CO., ANDREW FEINMAN, SUNLIGHT INDUSTRIES, INC., ABC INSURANCE COMPANIES 1-10 (said names and identities being fictitious and presently unknown); DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown); JOHN DOES 1-10 (said names and identities being fictitious and presently unknown) and alleges upon information and belief as follows.

## **NATURE OF THE ACTION**

1.     This is an action for declaratory judgment seeking a declaration of the rights and liabilities of PROGRESSIVE CASUALTY INSURANCE COMPANY and Defendants MACK FREIGHT SERVICE, INC., STATE NATIONAL SPECIALTY INSURANCE COMPANY, INC., STETIN TRUCKING COMPANY, INC., UNITED SPECIALTY INSURANCE COMPANY, B.F. TRANSPORT, INC., BLADIMIR FERMIN CABRERA, JUNIOR SMITH, MICHELLE L. BLAIR SMITH; ODYSSEY FREIGHT SERVICE, INC.; TRISURA SPECIALTY INSURANCE CO.; ANDREW FEINMAN, SUNLIGHT INDUSTRIES, INC., ABC INSURANCE COMPANIES 1-10 (said names and identities being fictitious and presently unknown); DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown)JOHN DOES 1-10 (said names and identities being fictitious and presently unknown), regarding an accident that occurred on June 8, 2021.

2.       PROGRESSIVE CASUALTY INSURANCE COMPANY afforded Non-Trucking Automobile Liability ("NTAL") insurance to the defendant B.F. TRANSPORT, INC.   Upon information and belief, at the time of the subject accident, a tractor owned by B.F. TRANSPORT, INC. was being operated by defendant BLADIMIR FERMIN CABRERA.

3.       Upon further information and belief, at the time of this accident and for some time prior thereto, the subject-matter tractor was leased to and/or under dispatch to and/or acting in the business of defendant MACK FREIGHT SERVICE, INC.,   and/or STETIN TRUCKING COMPANY, INC., and/or ODYSSEY FREIGHT SERVICE, INC., federally regulated trucking company/companies operating under US DOT number 332849  and/or US DOT number 305023, and/or US DOT number 3357871 respectively,  and which was/were owned and/or operated by DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown); JOHN DOES 1-10 (said names and identities being fictitious and presently unknown).

4.       Upon further information and belief, at the time of this accident and for some time prior thereto, SUNLIGHT INDUSTRIES, INC. and/or DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown) operated as a freight broker and/or motor carrier and at the time of this accident and for some time prior thereto, the subject-matter tractor trailer was leased to, and/or under dispatch to and/or acting at the direction of and/or in the business of defendant SUNLIGHT INDUSTRIES, INC. and/or DEF CORPS. 1-10 (said names and identities being fictitious and presently unknown).

5.        Individuals named JUNIOR SMITH AND MICHELLE BLAIR SMITH  have already made  bodily injury claims against B.F. TRANSPORT, INC., MACK FREIGHT SERVICE, INC., STETIN TRUCKING CO. and BLADIMIR FERMIN CABRERA as a result of

the accident, which is pending in the Supreme Court of New York, Queens County under Index Number 716855/2021.

6.      A declaration of the rights and obligations of the various claimants, insurers and insureds involved in the June 8, 2021 occurrence is sought herein.

## THE PARTIES AND VENUE

7.      Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY   is a corporation organized according to the laws of Ohio, with its principal place of business located at 6300 Wilson Mills Road, Mayfield Village, Ohio, Cuyahoga County,  44143 and is authorized to do business in New York and New Jersey.

8.      Upon information and belief, defendant MACK FREIGHT SERVICE, INC. is a corporation organized according to the laws of the State of New Jersey, with its principal place of business located at 434 Kearny Avenue, Kearny, New Jersey, Hudson County.  Upon information and belief, MACK FREIGHT SERVICE, INC.'s corporate officers and registered agents for service are/were  located /resided at the time of the accident in Kearny, New Jersey, Hudson County.

9.      Upon information and belief, defendant STATE NATIONAL SPECIALTY INSURANCE COMPANY is a corporation organized according to the laws of the State of Texas and is authorized to do business in New Jersey, with a principal place of business located in Bedford, Texas.   STATE NATIONAL SPECIALTY INSURANCE COMPANY is an insurer authorized to do business in and transacts business in the State of New Jersey.

10.      Upon information and belief, defendant STETIN TRUCKING COMPANY, INC. is a corporation organized according to the laws of the State of New Jersey, with its principal place of business located at 480 Wilson Avenue, Newark, New Jersey, Essex County.

4

11.     Upon information and belief, defendant UNITED SPECIALTY INSURANCE COMPANY is a corporation organized according to the laws of the State of Texas and is authorized to do business in New Jersey, with a principal place of business located in Bedford, Texas.   UNITED SPECIALTY INSURANCE COMPANY is an insurer authorized to do business in and transacts business in the State of New Jersey.

12.     Upon information and belief, ODYSSEY FREIGHT SERVICE, INC. is a corporation organized according to the laws of the State of Pennsylvania, with its principal place of business located at 1874 Catasauqua Road, Unit 322, Allentown, Pennsylvania.

13.      Upon information and belief, defendant B.F. TRANSPORT, INC. is a New York corporation, with a principal place of business located at 305 Vespucci Avenue, Copiague, New York 11726.   Upon information and belief, B.F. TRANSPORT, INC.'s corporate officers and registered agents for service are/were  located /resided at the time of the accident in Copiague, New York.

14.     Upon information and belief, defendant TRISURA SPECIALTY INSURANCE COMPANY is a corporation organized according to the laws of the State of Oklahoma and is authorized to do business in New York and New Jersey, with a principal place of business located at 201 Park Avenue, Suite 1300, Oklahoma City, Oklahoma.

15.     Upon information and belief, ANDREW FEINMAN is a New York resident with business addresses located in both New York and New Jersey and upon further information and belief, he is the common owner and principal of MACK FREIGHT SERVICE, INC., STETIN TRUCKING COMPANY, INC., ODYSSEY FREIGHT, INC.

16.     Upon information and belief, defendant SUNLIGHT INDUSTRIES, INC. is a corporation organized according to the laws of the State of New York and is authorized to do

5

business in New York and New Jersey with a principal place of business currently located at 126 13th Street, Brooklyn, New York 11215.

17.     Upon information and belief, BLADIMIR FERMIN CABRERA is a New York resident, with a principal residence located in Copiague, New York, Suffolk County.

18.     Upon information and belief, underlying tort plaintiff JUNIOR SMITH is a resident of the state of New York  and resided in Queens, New York at the time of the accident.

19.     Upon information and belief, MICHELLE L. BLAIR SMITH was a passenger in the motor vehicle operated by JUNIOR SMITH at the time of the accident.

20.     Upon information and belief, ABC INSURANCE COMPANIES 1-10 are fictitious entities whose identities and business locations are presently unknown.

21.     Upon information and belief, DEF COMPANIES 1-10 are fictitious entities whose identities and business locations are presently unknown

22.     Upon information and belief, JOHN DOES 1-10 fictitious entities whose identities and business locations are presently unknown.

## JURISDICTION AND VENUE

23.     This Court has jurisdiction over this matter under 28 U.S.C. § 1332 in that it arises between citizens of different states and upon information and belief the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, insofar as the value of the right being protected and/or the injury being averred exceeds $75,000.

24.     Venue is proper in this district under 28 USC § 1391(a)(2) and (b)(1) because this declaratory judgment action involves the determination and interpretation of the rights and liabilities of parties and insurers who are authorized to and did transact business in the State of

New Jersey, Hudson County, insofar as the motor carrier MACK FREIGHT SERVICE, INC. is a New Jersey corporation with a principal place of business at the time of the accident located in Kearny, Hudson County, New Jersey; the motor carrier STETIN TRUCKING COMPANY, INC. is a New Jersey Corporation with a principal place of business at the time of the accident located in Newark, Hudson County, New Jersey; the contracts between the parties were delivered and executed in Kearny, Hudson County, New Jersey and the motor carrier insurance policies which are the insurance policies at issue in this case were delivered by STATE NATIONAL SPECIALITY INSURANCE COMPANY and/or UNITED SPECIALTY INSURANCE COMPANY to New Jersey insured(s). Upon information and belief, a lease agreement(s) between MACK FREIGHT SERVICE, INC., STETIN TRUCKING COMPANY, INC. and B.F. TRANSPORT, INC. was/were executed and delivered in Kearny, Hudson County, New Jersey. Upon information and belief, the STATE NATIONAL SPECIALTY INSURANCE and/or the UNITED SPECIALTY INSURANCE policy contains New Jersey endorsements and language obligating disputes arising out of the coverage under the policy to be determined pursuant to New Jersey law.

25.     Prior to the date of the subject accident, plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY issued to the defendant B.F. TRANSPORT, INC. a certain Commercial Automobile Liability policy containing a Contingent Liability Endorsement – Limited Liability Coverage for Non-Trucking use of an Automobile, known as a "Non-Trucking Liability Policy" (NTL policy) designated as policy number XXXX696-2 with a policy period of January 10, 2021 to January 10, 2022.

26.     Non-Trucking Liability coverage is a limited type of coverage which is only designed to provide protection when a vehicle is not hauling freight and/or under the control of a motor carrier or otherwise acting in the course of a motor carrier's business.

27.     If an accident occurs while a vehicle is engaged in business use or is being used for any business purpose, it is referred to as a "trucking loss," as opposed to a "non-trucking loss" and coverage is provided by the insurer of the motor carrier under whose exclusive control the vehicle is operating and in whose business the vehicle is operating to the exclusion of the NTL insurer.

28.     Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY only issues NTL policies to insureds whose vehicles are subject to a long term lease agreement to a designated motor carrier licensed by the Interstate Commerce Commission and U.S. Department of Transportation, which promulgates various liability insurance requirements with which such motor carriers must comply for protection of the general public in case of bodily injury and/or property damage.

29.     In this case, upon information and belief, the defendant B.F. TRANSPORT, INC. was operating under the terms of a permanent lease to defendant MACK FREIGHT SERVICE, INC. pursuant to an Independent Contractor Agreement executed between B.F. TRANSPORT, INC. incepting prior to the accident and continuing on to and including the date of the accident. Upon information and belief, this lease agreement was in full force and effect at the time the underlying motor vehicle accident took place on June 8, 2021.

30.     Upon information and belief, at some time prior to the accident, the defendant B.F. TRANSPORT, INC. had been operating under the terms of a permanent lease to defendant STETIN TRUCKING COMPANY, INC. pursuant to an Independent Contractor Agreement executed between B.F. TRANSPORT, INC. incepting prior to the accident and which may have

been continuing on to and including the date of the accident. Upon information and belief, this lease agreement may have been in full force and effect at the time the underlying motor vehicle accident took place on June 8, 2021.

31. Upon information and belief, at some time prior to the accident, the defendant B.F. TRANSPORT, INC. had been operating under the terms of a permanent lease to defendant ODYSSEY FREIGHT SERVICE, INC. pursuant to an Independent Contractor Agreement executed between B.F. TRANSPORT, INC. incepting prior to the accident and which may have been continuing on to and including the date of the accident. Upon information and belief, this lease agreement may have been in full force and effect at the time the underlying motor vehicle accident took place on June 8, 2021.

32. Applicable federal law requires all such governmentally regulated motor carriers such as MACK FREIGHT SERVICE, INC., STETIN TRUCKING COMPANY, INC. and ODYSSEY FREIGHT SERVICE, INC. to procure and maintain automobile liability insurance for the protection of the general public.

33. All such federally regulated motor carriers are required to have an MCS-90 Endorsement on file at all times, which must be issued by a licensed insurer and which must warrant at least $750,000 (Seven Hundred Fifty Thousand dollars) of liability coverage is in effect and further provide (with exceptions not relevant here) that such insurer has virtually no defenses to payment of a judgment suffered by its insured.

34. Pursuant to the lease agreement and in compliance with federal law, defendants/motor carriers MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. was/were obligated to maintain trucking insurance coverage for protection of the public pursuant to federal regulations.

9

35.     Prior to the June 8, 2021 accident, the defendant STATE NATIONAL SPECIALITY   INSURANCE COMPANY had issued a policy of Commercial Trucking Automobile Liability Insurance to defendant MACK FREIGHT SERVICE, INC. which was, upon information and belief, designated as policy number ACP2900003880.

36.     Upon information and belief, this policy issued by STATE NATIONAL SPECIALTY INSURANCE COMPANY was in full force and effect on the date of the accident.

37.     Prior to the June 8, 2021 accident, the defendant UNITED SPECIALITY INSURANCE COMPANY had issued a policy of Commercial Trucking Automobile Liability Insurance to defendant STETIN TRUCKING COMPANY, INC. which was, upon information and belief, designated as policy number FEN-159100704.

38.     Upon information and belief, this policy issued by UNITED SPECIALTY INSURANCE COMPANY was in full force and effect on the date of the accident.

39.     Prior to the June 8, 2021 accident, the defendant TRISURA SPECIALTY INSURANCE COMPANY had issued a policy of Commercial Trucking Automobile Liability Insurance to defendant ODYSSEY FREIGHT SERVICE, INC. which was, upon information and belief, designated as policy number MIG-RENND2000036-323.

40.     Upon information and belief, this policy issued by TRISURA SPECIALTY INSURANCE COMPANY was in full force and effect on the date of the accident

## FACTUAL ISSUES

41.     On June 8, 2021, defendant BLADIMIR FERMIN CABRERA was operating a 2015 Freightliner tractor owned by B.F. TRANSPORT, INC. which was attached to a trailer which was involved in an accident with a vehicle owned and operated by JUNIOR SMITH.

42. Upon information and belief, at the time of the accident, the 2015 Freightliner tractor displayed the placarding information of motor carrier MACK FREIGHT SERVICE, INC., including US DOT number 3323849 and MC number 01058135.

43. Upon information and belief, at the time of the accident, the 2015 Freightliner tractor was under dispatch to, acting in the business in or otherwise performing transportation operations on behalf of MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC.

44. Upon information and belief, B.F. TRANSPORT, INC., and/or BLADIMIR FERMIN CABRERA was/were paid for the motor carrier services performed at the time of the accident on behalf of MACK FREIGHT SERVICE, INC. from the business account of STETIN TRUCKING CO., INC. and/or SUNLIGHT INDUSTRIES, INC.

45. MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING CO., INC. and/or ODYSSEY FREIGHT SERVICE, INC. and/or SUNLIGHT INDUSTRIES, INC. are therefore interested parties to the subject-matter declaratory judgment action.

46. Upon information and belief, ANDREW FEINMAN is the owner and/or principal and/or corporate officer and/or party to be charged with the operation of MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING CO., INC. and/or ODYSSEY FREIGHT SERVICE, INC. and/or SUNLIGHT INDUSTRIES, INC. and is therefore an interested party to this declaratory judgment action.

47. As a result of the accident, JUNIOR SMITH has presented a bodily injury claim against defendants B.F. TRANSPORT, INC., BLADIMIR FERMIN CABRERA and  MACK FREIGHT SERVICE, INC. in the Supreme Court of New York, Queens County, under Index Number 716855/2021.

48.	Upon information and belief, the defense and indemnification of B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to the bodily injury claim of JUNIOR SMITH has been tendered to defendants MACK FREIGHT SERVICE, INC. and to STATE NATIONAL SPECIALITY INSURANCE COMPANY as the Trucking Liability insurance carrier of MACK FREIGHT SERVICE, INC.

49.	NATIONAL SPECIALTY INSURANCE COMPANY has wrongfully refused to accept said tender of coverage on behalf of B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to the bodily injury claim of B.F. TRANSPORT, INC.

50.	At the time of the accident, however, B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA was/were under lease to and acting in the business of MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. and/or SUNLIGHT INDUSTRIES, INC.

51.	Upon information and belief, the basis therefor being standard policy language utilized in the trucking industry, the definition of "insured" under the STATE NATIONAL SPECIALITY INSURANCE policy issued to MACK FREIGHT SERVICE, INC. and/or the UNITED SPECIALTY INSURANCE policy issued to STETIN TRUCKING COMPANY, INC. and/or the TRISURA SPECIALTY INSURANCE policy issued to ODYSSEY FREIGHT SERVICE, INC. includes B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA and the Independent Contractor Agreement between B.F. TRANSPORT, INC. and MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. was an "insured contract" as that term is defined under the policies.

## THE INDEPENDENT CONTRACTOR AGREEMENT BETWEEN MACK FREIGHT SERVICE, INC. and BLADMIR FERMIN/B.F. TRANSPORT

52.     Upon information and belief, at some time prior to June 8, 2021, B.F. TRANSPORT, INC. (designated as "Contractor") entered into an Independent Contractor Agreement with MACK FREIGHT SERVICE, INC., a federally regulated motor carrier operating in interstate transportation pursuant to operating rights granted to MACK FREIGHT SERVICE, INC. by the Federal Motor Carrier Safety Administration.

53.     Per the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to furnish certain equipment for providing transportation Service to B.F. TRANSPORT, INC., *to wit*, and as specifically identified in Addendum A to the Agreement, a 2015 Freightliner tractor bearing VIN ending in Z7282 (the tractor involved in the subject-matter accident).

54.     Pursuant to this Independent Contractor Agreement and pursuant to applicable federal law, MACK FREIGHT SERVICE, INC. took "exclusive possession, use and control" of the equipment and "assume[d] complete responsibility for the operation of the equipment" during the term of the Agreement.

55.     Pursuant to the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to display the placarding of MACK FREIGHT SERVICE, INC. on the equipment, as required by federal law to identify to the public at large that the vehicle was under the exclusive possession, use and control of MACK FREIGHT SERVICE, INC., a federally regulated motor carrier.

56.     This Independent Contractor Agreement recites to the Insuring requirements mandated by federal law, 49 CFR Section 376.12(j) and states that MACK FREIGHT SERVICE, INC. as the federally regulated motor carrier, has a duty to maintain "insurance coverage in the amounts set forth in 49 CFR Section 387."

57.     Pursuant to this Agreement, B.F. TRANSPORT, INC. was required to maintain Non-Trucking Liability and/or Bobtail Insurance with coverage amounts of at least $1 million and B.F. TRANSPORT, INC. was required to name MACK FREIGHT TRANSPORT, INC. as an additional insured on the Non-Trucking Liability and Bobtail Insurance policies procured pursuant to the requirements of the Agreement.

58.     Furthermore, this Agreement requires that the coverage purchased by B.F. TRANSPORT, INC. is to be "primary" over any coverage purchased by MACK FREIGHT SERVICE, INC.

59.     The Independent Contractor Agreement contains the following indemnification clause:


VI.     INDEMNIFICATION

A.      CONTRACTOR [B.F. Transport, Inc.] hereby agrees to indemnify, defend and hold harmless, including, but not limited to, reasonable attorneys' fees and court costs, CARRIER [Mack Freight Service, Inc.] , its directors, officers, employees or agents from and against any injury (including death), damage or loss arising under or in connection with this ICA.

B.      CONTRACTOR [B.F. Transport, Inc.] shall indemnify, defend and hold harmless the CARRIER for any damage, injury (including death), or loss arising from the use of any additional equipment, including but not limited to, power take-off units (PTO) that may be used by CONTRACTOR in the course of this ICA for any reason.


**THE INDEPENDENT CONTRACTOR AGREEMENT BETWEEN STETIN TRUCKING COMPANY, INC. and BLADMIR FERMIN/B.F. TRANSPORT**

60.     Upon information and belief, at some time prior to June 8, 2021, B.F. TRANSPORT, INC. (designated as "Contractor") entered into an Independent Contractor Agreement with STETIN TRUCKING COMPANY, INC., a federally regulated motor carrier

operating in interstate transportation pursuant to operating rights granted to STETIN TRUCKING COMPANY, INC. by the Federal Motor Carrier Safety Administration.

61.     Upon information and belief, per the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to furnish certain equipment for providing transportation Service to B.F. TRANSPORT, INC., *to wit*, and as specifically identified in Addendum A to the Agreement, a 2015 Freightliner tractor bearing VIN ending in Z7282 (the tractor involved in the subject-matter accident).

62.     Upon information and belief, pursuant to this Independent Contractor Agreement and pursuant to applicable federal law, STETIN TRUCKING COMPANY, INC. took "exclusive possession, use and control" of the equipment and "assume[d] complete responsibility for the operation of the equipment" during the term of the Agreement.

63.     Upon information and belief, pursuant to the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to display the placarding of STETIN TRUCKING COMPANY, INC. on the equipment, as required by federal law to identify to the public at large that the vehicle was under the exclusive possession, use and control of STETIN TRUCKING COMPANY, INC., a federally regulated motor carrier.

64.     Upon information and belief, this Independent Contractor Agreement recites to the Insuring requirements mandated by federal law, 49 CFR Section 376.12(j) and states STETIN TRUCKING COMPANY, INC. as the federally regulated motor carrier, has a duty to maintain "insurance coverage in the amounts set forth in 49 CFR Section 387."

65.     Upon information and belief, pursuant to this Agreement, B.F. TRANSPORT, INC. was required to maintain Non-Trucking Liability and/or Bobtail Insurance with coverage amounts of at least $1 million and B.F. TRANSPORT, INC. was required to name STETIN TRUCKING

15

COMPANY, INC. as an additional insured on the Non-Trucking Liability and Bobtail Insurance policies procured pursuant to the requirements of the Agreement.

66.     Upon information and belief, this Agreement requires that the coverage purchased by B.F. TRANSPORT, INC. is to be "primary" over any coverage purchased by STETIN TRUCKING COMPANY, INC.

67.     Upon information and belief, the Independent Contractor Agreement contains the following indemnification clause:

VI.     INDEMNIFICATION

A.      CONTRACTOR [B.F. Transport, Inc.] hereby agrees to indemnify, defend and hold harmless, including, but not limited to, reasonable attorneys' fees and court costs, CARRIER [Stetin Trucking Company, Inc.] , its directors, officers, employees or agents from and against any injury (including death), damage or loss arising under or in connection with this ICA.

B.      CONTRACTOR [B.F. Transport, Inc.] shall indemnify, defend and hold harmless the CARRIER for any damage, injury (including death), or loss arising from the use of any additional equipment, including but not limited to, power take-off units (PTO) that may be used by CONTRACTOR in the course of this ICA for any reason.

## THE INDEPENDENT CONTRACTOR AGREEMENT BETWEEN ODYSSEY FREIGHT SERVICE, INC. and BLADMIR FERMIN/B.F. TRANSPORT

68.     Upon information and belief, at some time prior to June 8, 2021, B.F. TRANSPORT, INC. (designated as "Contractor") entered into an Independent Contractor Agreement with ODYSSEY FREIGHT SERVICE, INC., a federally regulated motor carrier operating in interstate transportation pursuant to operating rights granted to ODYSSEY FREIGHT SERVICE, INC. by the Federal Motor Carrier Safety Administration.

69.     Upon information and belief, per the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to furnish certain equipment for providing transportation Service to B.F. TRANSPORT, INC., *to wit*, and as specifically identified in Addendum A to the Agreement, a

2015 Freightliner tractor bearing VIN ending in Z7282 (the tractor involved in the subject-matter accident).

70.     Upon information and belief, pursuant to this Independent Contractor Agreement and pursuant to applicable federal law, ODYSSEY FREIGHT SERVICE, INC. took "exclusive possession, use and control" of the equipment and "assume[d] complete responsibility for the operation of the equipment" during the term of the Agreement.

71.     Upon information and belief, pursuant to the Independent Contractor Agreement, B.F. TRANSPORT, INC. was to display the placarding of ODYSSEY FREIGHT SERVICE, INC. on the equipment, as required by federal law to identify to the public at large that the vehicle was under the exclusive possession, use and control of ODYSSEY FREIGHT SERVICE, INC., a federally regulated motor carrier.

72.     Upon information and belief, this Independent Contractor Agreement recites to the Insuring requirements mandated by federal law, 49 CFR Section 376.12(j) and states ODYSSEY FREIGHT SERVICE, INC. as the federally regulated motor carrier, has a duty to maintain "insurance coverage in the amounts set forth in 49 CFR Section 387."

73.     Upon information and belief, pursuant to this Agreement, B.F. TRANSPORT, INC. was required to maintain Non-Trucking Liability and/or Bobtail Insurance with coverage amounts of at least $1 million and B.F. TRANSPORT, INC. was required to name ODYSSEY FREIGHT SERVICE, INC. as an additional insured on the Non-Trucking Liability and Bobtail Insurance policies procured pursuant to the requirements of the Agreement.

74.     Upon information and belief, this Agreement requires that the coverage purchased by B.F. TRANSPORT, INC. is to be "primary" over any coverage purchased by ODYSSEY FREIGHT SERVICE, INC.

75.     Upon information and belief, the Independent Contractor Agreement contains the following indemnification clause:

VI.     INDEMNIFICATION

A.      CONTRACTOR [B.F. Transport, Inc.] hereby agrees to indemnify, defend and hold harmless, including, but not limited to, reasonable attorneys' fees and court costs, CARRIER [Stetin Trucking Company, Inc.] , its directors, officers, employees or agents from and against any injury (including death), damage or loss arising under or in connection with this ICA.

B.      CONTRACTOR [B.F. Transport, Inc.] shall indemnify, defend and hold harmless the CARRIER for any damage, injury (including death), or loss arising from the use of any additional equipment, including but not limited to, power take-off units (PTO) that may be used by CONTRACTOR in the course of this ICA for any reason.

## THE PROGRESSIVE CASUALTY INSURANCE COMPANY POLICY ISSUED TO B.F. TRANSPORT, INC.

76.     PROGRESSIVE CASUALTY INSURANCE COMPANY issued a Commercial Auto Policy to B.F. TRANSPORT, INC. under policy number XXXX9696-2 with a policy period of January 10, 2020 to January 10, 2021 and a Combined Single Policy limit of $500,000.  This policy contains Contingent Liability Endorsement – Limited Liability Coverage for Non-Trucking use of an Automobile (hereinafter referred to as the "PROGRESSIVE NTL policy").

77.     The PROGRESSIVE NTL policy contains the following Insuring Agreement

PART I – LIABILITY TO OTHERS
INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages for bodily injury, property damage, and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership maintenance or use of that insured auto.  However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this part I.  We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

ADDITIONAL DEFINITIONS USED IN THIS PART ONLY

A.       When used in Part I – Liability to Others, insured means:

      1.      You with respect to an insured auto.
      2.      Any person while using, with your permission, and within the scope of that permission, an insured auto you own, hire or borrow, except:
            (a)  A person while he or she is working in a business of selling, leasing, repairing, parking, storing, servicing, delivering or testing autos, unless that business is yours and it was so represented in your application.
            (b)  A person, other than one of your employees, partners (if you are a partnership), members (if you are a limited liability company), officers or directors (if you are a corporation) or a lessee or borrower or any of their employees, while he or she is moving property to or from an insured auto.
            (c)  The owner or anyone else from whom the insured auto is leased, hired or borrowed unless the insured auto is a trailer connected to a power unit that is an insured auto.  However, this exception does not apply if the insured auto is specifically described on the declarations page.

      For purposes of this subsection A.3., an insured auto you own includes any auto specifically described on the declarations page.

      3.      Any other person or organization, but only with respect to the legal liability of that person or organization for acts or omissions of any person otherwise covered under this Part I- Liability to others

      78.      The PROGRESSIVE NTL policy issued to B.F. TRANSPORT, INC. contains the following Contingent Liability Endorsement, which excludes business use of the truck:

Form 1797 (10/07)

NEW YORK CONTINGENT LIABILITY ENDORSEMENT – LIMITED LIABILITY COVERAGE FOR NON-TRUCKING USE OF AN AUTOMOBILE

Except as specifically modified in this endorsement, all provisions of the Commercial Auto Policy apply.

We agree with you that the insurance provided under your Commercial Auto Policy is modified as follows:

PART I – LIABILITY TO OTHERS

A.       Under the Additional Definitions Used in This Part Only section:

      1.      **Insured** does not include anyone engaged in the business of transporting property by auto for hire who is liable for your conduct.

B.       The following exclusions are added:

      Coverage under this Part I, including **our** duty to defend, does not apply to an **insured auto** or any attached trailer while operated, maintained, or used:

1. To carry property in any business, or while such property is being loaded onto or unloaded from the **insured auto** or an attached **trailer**; or

2. In the business of anyone to whom the **auto** or any attached **trailer** is leased or rented.

These exclusions apply whether or not the **insured** is being compensated for the use of the **insured auto**. However, the above exclusions apply only if there is other valid and collectible liability insurance, whether on an excess, umbrella, contingent and/or non-contributing basis, applicable to the **insured auto** and that provides the minimum kinds and limits of coverage required by New York law.

**Limit of Liability**

The following is added to Limit of Liability:

**4.** **Coverage Required by Financial Responsibility Law**

a. Any coverage legally deemed to be included in the policy by reason of financial responsibility or insurance laws or regulation of any state or government agency shall not exceed minimum limits required by such law or regulation.

b. If any of the provisions of this endorsement are held to be void or unenforceable under the law of any jurisdiction for any reason, including, but not limited to, violation of any statute or contravention of public policy, we will not pay any sums in excess of minimum amount subject to minimum financial responsibility of such jurisdiction, and then only after all other valid and collectible insurance available to **you** in the absence of the policy has been exhausted.

**ALL OTHER TERMS, LIMITS AND PROVISIONS OF THIS POLICY REMAIN UNCHANGED**.

79. The PROGRESSIVE NTL policy contains the following provisions, conditions and exclusions:

PART I – LIABILITY TO OTHERS

INSURING AGREEMENT – LIABILITY TO OTHERS

Subject to the Limits of Liability, if you pay the premium for liability coverage for the insured auto involved, we will pay damages, other than punitive or exemplary damages, for bodily injury, property damage and covered pollution cost or expense, for which an insured becomes legally responsible because of an accident arising out of the ownership, maintenance or use of that insured auto. However, we will only pay for the covered pollution cost or expense if the same accident also caused bodily injury or property damage to which this insurance applies.

We will settle or defend, at our option, any claim or lawsuit for damages covered by this Part I. We have no duty to settle or defend any lawsuit, or make any additional payments, after the Limit of Liability for this coverage has been exhausted by payment of judgments or settlements.

EXCLUSIONS – PLEASE READ THE FOLLOWING EXCLUSIONS CAREFULLY. IF AN EXCLUSION APPLIES, COVERAGE FOR AN ACCIDENT OR LOSS WILL NOT BE AFFORDED UNDER THIS PART I- LIABILITY TO OTHERS.

Coverage under this Part I, including our duty to defend, does not apply to:

. . .

2.    Contractual
      Any liability assumed by an **insured** under any contract or agreement, unless the agreement is an
      **insured contract** that was executed prior to the occurrence of any **bodily injury** or **property damage.**

      However, this exclusion does not apply to liability for damages that an **insured** would have in the absence
      of a contract or agreement.

80.    The PROGRESSIVE NTL policy additionally contains the following General

Definitions:

GENERAL DEFINITIONS

The words and phrases below, whether in the singular, plural or possessive, have the following special meanings
when appearing in boldface type in this policy, and in endorsements issued in connection with this policy, unless
specifically modified.

6.    **"Insured Contract"** means:
      a.    A lease of premises;
      b.    A sidetrack agreement;
      c.    Any easement or license agreement, except in connection with construction or demolition
            operations or within 50 feet of a railroad;
      d.    An obligation, as required by ordinance, to indemnify a municipality, except in connection with
            work for a municipality;
      e.    That part of any other contract or agreement pertaining to **your** business (including
            indemnification of a municipality in connection with work performed for a municipality) under
            which **you** assume the tort liability that is vicariously imposed on another for **your** negligence
            or that of your employees or agents;
      f.    That part of any contract or agreement, entered into as part of **your** business, for the rental of an
            insured auto.  However, such contract or agreement shall not be considered an **insured contract**
            to the extent that it obligates **you** or any of your employees to pay for **property damage** to any
            auto rented or leased to **you** or any of **your** employees.

      An "**insured contract**" does not include that part of any contract or agreement:

                              . . .

      3.    That holds a person or organization engaged in the business of transporting property by auto for
            hire harmless for **your** use of an **insured auto** over a route or territory that person or organization
            is authorized to serve by public authority.

# DECLARATORY RELIEF

## COUNT ONE

81.     Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY incorporates paragraphs 1 through 80 of this Complaint herein by reference with the same force and effect as if fully set forth at length.

82.     Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY alleges that defendant B.F. TRANSPORT, INC. was under lease to and otherwise acting in the business of defendant MACK FREIGHT SERVICE, INC.  and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. at the time of this occurrence on June 8, 2021.

83.     Upon information and belief, the basis therefor being the standard policy language used in the trucking industry, the definition of "insured" in said policy, which would include B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA and the Independent Contractor Agreement previously in effect between B.F. TRANSPORT, INC. and MACK FREIGHT SERVICE, INC.  and/or STETIN TRUCKNG COMPANY, INC. at that time was an insured contract.

84.     That upon information and belief, MACK FREIGHT SERVICE, INC. was insured by defendant STATE NATIONAL SPECIALTY INSURANCE COMPANY pursuant to a Commercial Automobile Liability insurance policy at the time of this loss, and upon information and belief the policy number was ACP2900003880 and that, upon information and belief, STATE NATIONAL SPECIALITY INSURANCE COMPANY received timely notice of said claim.

85.     That upon information and belief, STETIN TRUCKING COMPANY, INC. was insured by defendant UNITED SPECIALTY INSURANCE COMPANY pursuant to a

22

Commercial Automobile Liability insurance policy at the time of this loss, and upon information and belief the policy number was FEN-159100704 and that, upon information and belief, UNITED SPECIALITY INSURANCE COMPANY received timely notice of said claim.

86.     That upon information and belief, ODYSSEY FREIGHT SERVICE, INC. was insured by defendant TRISURA SPECIALTY INSURANCE COMPANY pursuant to a Commercial Automobile Liability insurance policy at the time of this loss, and upon information and belief the policy number was MIG-RENND2000036-323and that, upon information and belief, TRISURA SPECIALITY INSURANCE COMPANY received timely notice of said claim.

87.     That if this Court should find that B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA was/were under lease to and/or under dispatch to and/or acting on behalf of or in the business of defendants MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. at the time of the accident and/or that the aforesaid lease agreement between B.F. TRANSPORT, INC. and MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE was in effect at the time of the accident, then, upon information and belief, STATE NATIONAL SPECIALTY INSURANCE COMPANY and/or UNITED SPECIALTY INSURANCE COMPANY and/or TRISURA SPECIALTY INSURANCE COMPANY becomes B.F. TRANSPORT, INC.'s and BLADIMIR FERMIN CABRERA CABRERA's primary insurer and owes a duty to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA against any claims which have been brought by JUNIOR SMITH or any other claimants or any other insurer and to pay any award or settlement which may be obtained against B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA in any underlying action, to the

exclusion of the PROGRESSIVE CASUALTY INSURANCE NTL policy issued to B.F. TRANSPORT, INC..

88.     That if this Court should find that B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA were under lease to and/or under dispatch to and/or acting on behalf of or in the business of defendant MACK FREIGHT SERVICE, INC., and/or STETIN TRUCKING COMPANY, INC.,  and/or ODYSSEY FREIGHT SERVICE, INC., federally regulated motor carrier(s) on the date of the occurrence, MACK FREIGHT SERVICE, INC. and/or STATE NATIONAL SPECIALTY INSURANCE COMPANY, its insurer, STETN TRUCKING COMPANY, INC. and/or UNITED SPECIALTY INSURANCE COMPANY, its insurer and/or ODYSSEY FREIGHT SERVICE, INC. and/or TRISURA SPECIALTY INSURANCE COMPANY, its insurer, is obligated to afford coverage to B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA for the within occurrence to the exclusion of the DRIVE NEW JERSEY Commercial Auto policy issued to B.F. TRANSPORT, INC.

## COUNT TWO

89.     Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY incorporates paragraphs 1 through 88 of this Complaint herein by reference with the same force and effect as if fully set forth at length.

90.     The policy of Non-Trucking Automobile Liability Insurance which PROGRESSIVE CASUALTY INSURANCE COMPANY issued to B.F. TRANSPORT, INC. was issued in reliance upon B.F. TRANSPORT, INC.'s representation that the equipment/vehicle in question was under permanent lease to a governmentally regulated motor carrier, MACK FREIGHT SERVICE, INC.  and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC.  This is because governmentally regulated motor carriers are required

24

by federal law to carry at least $750,000 in primary liability coverage for the general public, which is contained in the MCS-90 Endorsement which, upon information and belief, is contained in the STATE NATIONAL SPECIALITY insurance policy issued to MACK FREIGHT SERVICE, INC. and/or the UNITED SPECIALTY insurance policy issued to STETIN TRUCKING COMPANY, INC. and/or the TRISURA SPECIALTY insurance policy issued to ODYSSEY FREIGHT SERVICE, INC.

91. In addition to the obligations imposed by federal law, the Independent Contractor Agreement between B.F. TRANSPORT, INC. and MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. obligated MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. to comply with all federal regulations, which clearly include public liability insurance, at their own expense.

92. The MCS-90 Endorsement aforesaid is all-encompassing and imposes obligations upon STATE NATIONAL SPECIALTY INSURANCE COMPANY and UNITED SPECIALTY INSURANCE COMPANY and TRISURA SPECIALTY INSURANCE COMPANY which go far beyond the provisions of ordinary vehicle policies. This was promulgated as a policy decision at the federal level for the purposes of insuring an elevated degree of financial responsibility and to further protect injured persons on the highways from the vagaries of coverage disputes. First, the endorsement defines "Motor Vehicle" very broadly, as follows:

> Motor vehicle means a land vehicle, machine, truck, tractor, trailer or semi-trailer propelled or drawn by mechanical power and used on a highway for transporting property, or any combination thereof.

93. Second, the endorsement makes it clear that the insurer's obligations are absolute whether or not any particular equipment is scheduled on the policy:

In consideration of the premium stated in the policy to which this endorsement is attached, the insurer (the company) agrees to pay within the limits of liability described herein, any final judgment recovered against the insured for public liability resulting from negligence in the operation, maintenance or use of motor vehicles subject to the financial responsibility requirements of Sections 29 and 30 of the Motor Carrier Act of 1980 regardless of whether or not each motor vehicle is specifically described in the policy and whether or not such negligence occurs on any route or in any territory authorized to be served by the insured or elsewhere.

94.    It is also beyond dispute as a matter of law that the vitality of the MCS-90 Endorsement is not affected by the fact that the liability of the named insured thereon may be alleged or in fact be passive and vicarious, as opposed to active negligence.


## COUNT THREE

95.    Plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY incorporates paragraphs 1 through 94 of this Complaint herein by reference with the same force and effect as if fully set forth at length.

96.    The PROGRESSIVE CASUALTY NTL policy issued to B.F. TRANSPORT, INC. excludes coverage for contractual liability, as aforesaid.

97.    There is no coverage afforded (defense or indemnification) under the PROGRESSIVE CASUALTY NTL policy issued to B.F. TRANSPORT, INC. for any contractual claims asserted by or on behalf of MACK FREIGHT SERVICE, INC., STETIN TRUCKING COMPANY, INC., ODYSSEY FREIGHT SERVICE, INC.  and/or any other party and such claims are and were denied, to the extent that Non-Trucking Liability endorsement excludes coverage for the business use of the tractor trailer combination vehicle in the transportation business of MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. at the time of the accident.

98. Furthermore, assuming that the NTL Endorsement did not apply, the Independent Contractor Agreement would not qualify as an "insured contract" under the terms of the Progressive policy, insofar as the indemnification agreement requires that B.F. TRANSPORT, INC. hold MACK FREIGHT SERVICE, INC., and/or STETIN TRUCKING COMPANY, INC., and/or ODYSSEY FREIGHT SERVICE, INC., a federally regulated trucking company engaged in the business of transporting property by auto for hire, harmless for B.F. TRANSPORT, INC.'s use of an insured auto over a route or territory that MACK FREIGHT SERVICE, INC. and/or STETIN TRUCKING COMPANY, INC. and/or ODYSSEY FREIGHT SERVICE, INC. is authorized to serve by public authority.

99. To the extent that MACK FREIGHT SERVICE, INC., STETIN TRUCKING COMPANY, INC., and/or ODYSSEY FREIGHT SERVICE, INC. or any other party asserts a claim for breach of contract for failure to procure the insurance coverage required by the Independent Contractor Agreement, there is no coverage for these contractual claims under the PROGRESSIVE NTL policy, as these claims would be excluded under the contractual liability exclusion, which excludes coverage for breach of contract claims, which include both breach of contractual duties in performance of the work and breach of contractual obligations to procure insurance.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiff PROGRESSIVE CASUALTY INSURANCE COMPANY respectfully requests that this Court declare its rights and responsibilities as follows:

(a) That this Court adjudge and declare that MACK FREIGHT SERVICE, INC., and its insurer, STATE NATIONAL SPECIALTY INSURANCE COMPANY are obligated to defend

and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA in connection with any claim whatsoever, including but not limited to, claims for personal injury, No-Fault benefits and claims of subrogation which have or may arise out of the June 8, 2021 occurrence, to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY's Non-Trucking Liability policy herein at issue based upon the fact that B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA were operating in the course of defendant MACK FREIGHT SERVICE, INC.'s business at the time of the accident and that B.F. TRANSPORT, INC. was under a permanent lease agreement with defendant MACK FREIGHT SERVICE, INC.;

(b)     That this Court adjudge, determine and declare that if MACK FREIGHT SERVICE, INC. as the lessor in the lease agreement maintained trucking automobile liability coverage which was in force on the date of the occurrence herein as required by the terms of the lease agreement and federal law, that such trucking automobile liability coverage, whether with STATE NATIONAL SPECIALTY INSURANCE COMPANY or otherwise, affords coverage with respect to this occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY policy concerning the June 8, 2021 occurrence;

(c) That if B.F. TRANSPORT, INC. was under lease to defendant MACK FREIGHT SERVICE, INC. at the time of this loss, its insurer, STATE NATIONAL SPECIALTY INSURANCE COMPANY is obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence;

(d)   That if B.F. TRANSPORT, INC. was transporting property for, under dispatch to and/or acting in the business of defendant MACK FREIGHT SERVICE, INC. at the time of this loss, its insurer, STATE NATIONAL SPECIALTY INSURANCE COMPANY is obligated to

defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY Commercial Auto policy issued to B.F. TRANSPORT, INC.;

(e)     That this Court adjudge and declare that STETIN TRUCKING COMPANY, INC., and its insurer, UNITED SPECIALTY INSURANCE COMPANY are obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA in connection with any claim whatsoever, including but not limited to, claims for personal injury, No-Fault benefits and claims of subrogation which have or may arise out of the June 8, 2021 occurrence, to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY's Non-Trucking Liability policy herein at issue based upon the fact that B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA were operating in the course of defendant STETIN TRUCKING COMPANY, INC.'s business at the time of the accident and that B.F. TRANSPORT, INC. was under a permanent lease agreement with defendant STETIN TRUCKING COMPANY, INC.;

(f)     That this Court adjudge, determine and declare that if STETIN TRUCKING COMPANY, INC. as the lessor in the lease agreement maintained trucking automobile liability coverage which was in force on the date of the occurrence herein as required by the terms of the lease agreement and federal law, that such trucking automobile liability coverage, whether with UNITED SPECIALTY INSURANCE COMPANY or otherwise, affords coverage with respect to this occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY policy concerning the June 8, 2021 occurrence;

(g) That if B.F. TRANSPORT, INC. was under lease to defendant STETIN TRUCKING COMPANY, INC. at the time of this loss, its insurer, UNITED SPECIALTY INSURANCE

COMPANY is obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence;

(h)   That if B.F. TRANSPORT, INC. was transporting property for, under dispatch to and/or acting in the business of defendant STETIN TRUCKING COMPANY, INC. at the time of this loss, its insurer, UNITED SPECIALTY INSURANCE COMPANY is obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY Commercial Auto policy issued to B.F. TRANSPORT, INC.;

(i)    That this Court adjudge and declare that ODYSSEY FREIGHT SERVICE, INC., and its insurer, TRISURA SPECIALTY INSURANCE COMPANY are obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA in connection with any claim whatsoever, including but not limited to, claims for personal injury, No-Fault benefits and claims of subrogation which have or may arise out of the June 8, 2021 occurrence, to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY's Non-Trucking Liability policy herein at issue based upon the fact that B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA were operating in the course of defendant MACK FREIGHT SERVICE, INC.'s business at the time of the accident and that B.F. TRANSPORT, INC. was under a permanent lease agreement with defendant MACK FREIGHT SERVICE, INC.;

(j)    That this Court adjudge, determine and declare that if ODYSSEY FREIGHT SERVICE, INC. as the lessor in the lease agreement maintained trucking automobile liability coverage which was in force on the date of the occurrence herein as required by the terms of the

lease agreement and federal law, that such trucking automobile liability coverage, whether with TRISURA SPECIALTY INSURANCE COMPANY or otherwise, affords coverage with respect to this occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY policy concerning the June 8, 2021 occurrence;

(k) That if B.F. TRANSPORT, INC. was under lease to defendant ODYSSEY FREIGHT SERVICE, INC. at the time of this loss, its insurer, TRISURA SPECIALTY INSURANCE COMPANY is obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence;

(l) That if B.F. TRANSPORT, INC. was transporting property for, under dispatch to and/or acting in the business of defendant ODYSSEY FREIGHT SERVICE, INC. at the time of this loss, its insurer, TRISURA SPECIALTY INSURANCE COMPANY is obligated to defend and indemnify B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA with respect to any claims which have or may arise from the June 8, 2021 occurrence to the exclusion of the PROGRESSIVE CASUALTY INSURANCE COMPANY Commercial Auto policy issued to B.F. TRANSPORT, INC.;

(m)     That to the extent that MACK FREIGHT SERVICE, STETIN TRUCKING COMPANY, INC., ODYSSEY FREIGHT SERVICE, INC. or any other party asserts a claim for breach of contract for failure to procure the insurance coverage required by the Independent Contractor Agreement, there is no coverage for these contractual claims under the PROGRESSIVE NTL policy, as these claims would be excluded under the contractual liability exclusion, which excludes coverage for breach of contract claims, which include both breach of contractual duties in performance of the work and breach of contractual obligations to procure insurance.

(n)     That this Court adjudge, determine and declare that PROGRESSIVE CASUALTY INSURANCE COMPANY is entitled to reimbursement of all defense costs, fees and expenses incurred in defending B.F. TRANSPORT, INC. and BLADIMIR FERMIN CABRERA in the underlying tort action; and

(o)     That this Court adjudge, determine and declare that PROGRESSIVE CASUALTY INSURANCE COMPANY is entitled to the costs and disbursements of the within declaratory judgment action, including but not limited to attorneys' fees and costs of suit; and

(p)     That this Court grant PROGRESSIVE CASUALTY INSURANCE COMPANY such further and other relief as this Court may deem just, proper and equitable.

Dated: April 4, 2024

LAW OFFICES OF VANESSA L. KOPPEL, ESQ., LLC

By: _____
    VANESSA L. KOPPEL, ESQ.
    LAW OFFICES OF VANESSA L. KOPPEL, ESQ., LLC
    Red Bank Corporate Center
    157 Broad Street
    Suite 204
    Red Bank, New Jersey 07701
    (732) 487-2320
    vkoppel@vkoppel-law.com
    *Attorneys for Plaintiff*
    *PROGRESSIVE CASUALTY INSURANCE COMPANY*